7  117<br>34  298

### W. Hobbs and S. Harris *v.* The State.

1. **Charge of the Court in Misdemeanors.** — Note in the opinion the collocation of the provisions of the Code respecting the charge of the court, with especial reference to misdemeanor cases.

2. **Same.** — In misdemeanor cases, the Code expressly provides that "the court is not required to charge the jury, except at the request of counsel on either side," and it contemplates that counsel, when they prefer such a request, shall present to the court, in writing, the charge desired. If the requested

charge be not so presented, the court is not bound to give the jury any written charge in misdemeanor cases.

3. SAME. — And if the court, in a trial for misdemeanor, gives in writing an erroneous charge, it is not cause for reversal on appeal unless exception was duly reserved at the time.

4. PRACTICE. — If the court, in a misdemeanor case, desires, without giving a written charge, to apprise the jury of the definition and punishment of the offence, this may be done by reading to them from the Code such provisions as are necessary for the purpose. *Carr* v. *The State*, 41 Texas, 546, overruled on this point.

APPEAL from the County Court of Hunt. Tried below before the Hon. H. B. SIMONDS, County Judge.

The conviction was for petit theft.

*Jones & Lewis*, for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Errors assigned in this case, and relied upon in the brief of counsel for appellants as grounds for reversal, may be summed up in the two propositions, viz. :—

1. That the court erred in its charge to the jury.

2. The court erred in overruling the motion of defendant Harris for a new trial.

The prosecution was under an indictment for a misdemeanor, which was regularly transferred to the County Court, and the trial and conviction of the appellants was had in the County Court.

With regard to the first supposed error, — the charge of the court, — an inspection of the record shows that it was not excepted to at the time, and a bill of exceptions reserved; nor were any additional instructions asked in behalf of defendants. The supposed error in the charge was for the first time called to the attention of the court in the motion for a new trial. It is insisted here that the charge is radically erroneous, and that we should reverse the case upon that ground. Previous decisions of this court have,

it seems, failed to impress upon the courts and bar through-out the State the opinion and views entertained by us with regard to the proper construction to be placed upon the statutes and the rules which will govern and control us in passing upon questions raised about the charges of courts in misdemeanor cases. *Foster* v. *The State*, 1 Texas Ct. App. 363 ; *Killman* v. *The State*, 2 Texas Ct. App. 222 ; *Goode* v. *The State*, 2 Texas Ct. App. 520 ; *Campbell* v. *The State*, 3 Texas Ct. App. 33 ; *Forrest* v. *The State*, 3 Texas Ct. App. 232 ; *Work* v. *The State*, 3 Texas Ct. App. 233 ; *Jordan* v. *The State*, 5 Texas Ct. App. 422 ; *Trippett* v. *The State*, 5 Texas Ct. App. 595. We propose to restate the rules of procedure in misdemeanors, so far as the charge is concerned, and the proper interpretation of the statutes embracing them.

In our Code of Criminal Procedure we find eight articles relating to the charge, which are as follows : —

Pasc. Dig., art. 3059. " After the argument of any criminal cause has been concluded, the judge shall deliver to the jury a written charge in which he shall distinctly set forth the law applicable to the case ; but he shall not express any opinion as to the weight of evidence, nor shall he sum up the testimony. This charge shall be given in all cases of felony, whether asked or not." Rev. Stats., Code Cr. Proc., art. 677.

Pasc. Dig., art. 3060. " It is beyond the province of a judge sitting in criminal causes to discuss the facts, or use any argument in his charge calculated to rouse the sympathy or excite the passion of the jury. It is his duty to state plainly the law of the case." Rev. Stats., Code Cr. Proc., art. 678.

Pasc. Dig., art. 3061. "After or before the charge of the court to the jury, the counsel on both sides may present written instructions, and ask that they be given to the jury. The court shall either give or refuse these charges, with or without modification, and certify thereto ; and when the

court shall modify a charge, it shall be done in writing, and in such manner as to clearly show what the modification is." Rev. Stats., Code Cr. Proc., art. 679.

Pasc. Dig., art. 3062. "The general charge given by the court, as well as those given or refused at the request of either party, shall be certified by the judge, and in case of appeal constitute a part of the record of the cause." Rev. Stats., Code Cr. Proc., art. 680.

Pasc. Dig., art. 3063. "In criminal actions for misdemeanor the court is not required to charge the jury except at the request of counsel on either side; but when so requested, shall give or refuse such charges, with or without modification, as are asked in writing." Rev. Stats., Code Cr. Proc., art. 681.

Pasc. Dig., art. 3064. "No verbal charge shall be given in any case whatever, except in cases of misdemeanor; and then only by consent of parties." Rev. Stats., Code Cr. Proc., art. 682.

Pasc. Dig., art. 3065. "When charges are asked, the judge shall read to the jury only such as he gives." Rev. Stats., Code Cr. Proc., art. 683.

"The jury may take with them in their retirement the charges given by the court, after the same have been filed; but they shall not be permitted to take with them any charge, or portion of a charge, that has been asked of the court and which the court has refused to give." Rev. Stats., Code Cr. Proc., art. 684.

"Whenever it appears by the record in any criminal action, upon appeal of defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall be reversed, *provided the error is excepted to at the time of the trial.*" Rev. Stats., Code Cr. Proc., art. 685.

So much for the law as it is actually written. It really seems to us so plain that there is no room for construction. In felony cases, a written charge setting forth the law appli-

cable to the facts must be given, "whether asked or not." This expression "whether asked or not" shows plainly that there is a character of cases not felonies, in which *a written charge is only given when asked.* Rev. Stats., Code Cr. Proc., art. 677. Such cases are misdemeanors; and as to such cases the statute expressly says "the court is not required to charge the jury [at all] except at the request of counsel on either side." How is the court to be requested by counsel to give a charge? Evidently the statute contemplates that the charges shall be written out by the counsel, and then handed to the court with the request that the court will give them. And even when requested, if the request is not accompanied by the written charge prepared by counsel, the court is not bound to give a written charge in misdemeanors. The counsel must write out and present the charge; and it then becomes the duty of the court to "give or refuse such charges, with or without modification, as are asked in writing." Rev. Stats., Code Cr. Proc., art. 681. It seems plain that these statutes intended expressly to relieve judges of the labor and duty of writing charges in misdemeanor cases, and we think that in some instances it is not only unnecessary, but it would be highly proper for them to decline to do so. If counsel wish a written charge, it is their duty to prepare and submit it. But it may be asked, how are the jury to be informed of the law with relation to, and the punishment affixed to, the offence, if no written charge is given and the parties have not consented to a verbal one, under the provisions of art. 682, Code of Criminal Procedure? We answer that in such case the judge can read from the statutes such portions as are necessary to inform the jury of the nature, definition, and punishment of the offence. To do this is no violation of the article just cited about verbal charges. This we believe to be the law; notwithstanding a contrary doctrine seems to have been held by our Supreme Court in *Carr* v. *The State*, 41 Texas, 546. A charge, technically speaking and

such an one as is doubtless intended in all the articles of the Code above quoted, means the enunciation and application of the principles of law to the substantive issues and the facts as adduced in the evidence on the trial of the case.

But in this case at bar, the court, without, so far as the record shows, being requested to do so, has given a written charge which is in our opinion erroneous in the particulars pointed out by the assignment of errors and discussed in the brief of counsel for appellant. No exceptions were reserved at the time, however, to the charge, nor were additional or counter charges asked and refused. Where this has not been done, this court will not notice the errors in the charges given. *Forrest* v. *The State*, 4 Texas Ct. App. 232, and authorities cited. The statute itself says the judgment will only be reversed in any criminal case for violation of the statute with regard to the charge, "*provided the error is excepted to at the time of the trial.*" Code Cr. Proc., art. 685, *supra.*

In so far as it is claimed that the court erred in overruling the motion of defendant Harris for a new trial, a thorough inspection of the record with a view to his branch of the case fails to exhibit any peculiar or extraordinary merit in his motion, requiring that it should have been granted. We are of opinion the court committed no error in overruling it.

In the brief of counsel for defendant Hobbs it is urged that the evidence is insufficient to sustain his conviction, because it establishes that this defendant had bought the hogs of his co-defendant, Harris. Counsel is mistaken in the purport of the evidence as it appears in the record. True, Hobbs said he had bought the hogs of Harris, but when Hobbs and Harris, and Odell, the owner, were together talking over the matter, Harris denied that he had sold the hogs to Hobbs; and on a subsequent occasion, when Hobbs and Odell saw one of the stolen hogs in the

woods, in Hobbs's mark, " Hobbs denied buying it from Harris, saying that was not the one he bought."

We have been unable to discover any such tangible or available error in the record as would authorize a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*